The Law Office of Olaf W. Hedberg
Olaf W. Hedberg, State Bar #151082
901 H St., Suite 301
Sacramento, California 95814
(916) 447-1192 office
ohedberg@yahoo.com

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STAES OF AMERICA<br><br>V.<br><br><br>KEVIN STERN | Case Number:  21-0021 MCE<br><br>**STIPULATION AND ORDER**<br><br><br>**DATE: March 18, 2021**<br>**TIME: 10 a.m.**<br>**DEPT: MCE** |

This case is set for a status conference on March 18, 2021. By this stipulation, the parties request a continuance of the status conference to May 20, 2021, and to exclude time under Local Codes T2 and T4, for the reasons set forth below.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021

2:21-cr-00021-MCE   Document 34   Filed 03/12/21   Page 2 of 5

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. (*Zedner v. United States*, 547 U.S. 489, 509 (2006)). "[W]ithout on-therecord findings, there can be no exclusion under" § 3161(h)(7)(A). (*Id*. at 507). Moreover, any such failure cannot be harmless. (Id. at 509); see also *United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." (*Id*).

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. Id. at 767-68; see also *United States v. Correa*, 182 F.

1    Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11,

2    2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar,

3    albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

4           In light of the societal context created by the foregoing, this Court should consider the

5    following case-specific facts in finding excludable delay appropriate in this particular case under

6    the ends-of-justice exception, § 3161(h)(7) (Local Code T4).

7                                            **STIPULATION**

8           Plaintiff United States of America, by and through its counsel of record, and defendant,

9    by and through defendant's counsel of record, hereby stipulate as follows:

10          1. This matter was set for status on March 18, 2021.

11          2. By this stipulation, defendants now move to continue the status conference until **May**

12   **20, 2021**, **at 10:00 a.m**., and to exclude time between March 18, 2021, and May 20, 2021, under

13   Local Code T4.

14          3. The parties agree and stipulate, and request that the Court find the following:

15          a) The government has represented that the discovery associated with this case to date

16   includes more many pages of investigative reports, photographs, affidavits, and other documents;

17   approximately, recorded phone calls intercepted pursuant to the Title III wiretap; and other video

18   and audio recordings. All of this discovery is in the process of being produced directly to counsel

19   and/or made available for inspection and copying.

20          b) Counsel for defendant needs additional time to review the discovery in this case, to

21   conduct independent factual investigation, to research trial and sentencing issues, to consult with

22   the client, and to otherwise prepare.

23

24

25

1  c) Counsel for defendants believe that failure to grant the above-requested continuance

2  would deny them the reasonable time necessary for effective preparation, taking into account the

3  exercise of due diligence.

4  d) The government does not object to the continuance.

5  e) Based on the above-stated findings, the ends of justice served by continuing the case as

6  requested outweigh the interest of the public and the defendant in a trial within the original date

7  prescribed by the Speedy Trial Act.

8  f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et

9  seq., within which trial must commence, the time period of March 18, 2021 to May 20, 2021,

10  inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

11  because it results from a continuance granted by the Court at defendant's request on the basis of

12  the Court's finding that the ends of justice served by taking such action outweigh the best interest

13  of the public and the defendant in a speedy trial.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

    4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 10, 2021                            MCGREGOR W. SCOTT
                                         United States Attorney
                                       */s /Vincenza Rabenn*
                                        VINCENZA RABENN
                                       Assistant U S Attorney

Dated: March 10, 2021                            */s/Olaf W. Hedberg*
                                       Olaf W. Hedberg
                                       Counsel for Defendant
                                       KEVIN STERN

**ORDER**

**IT IS SO ORDERED**.

Dated:  March 11, 2021

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE